**NAGY, Plaintiff, v. ALVIS, Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 4283. Decided June 1, 1949.

Cecile Shapiro, Columbus, for plaintiff.

Hon. Herbert S. Duffy, Atty. Genl., Walter R. Hill, Asst. Atty. Genl., Columbus, for defendant.

## OPINION

By MILLER, PJ.

This action comes before the Court upon a writ of habeas corpus upon the petition of John G. Nagy. The record discloses that the plaintiff is in the custody of Ralph Alvis, Warden of the Ohio State Penitentiary, having been committed under authority of a sentence by the Common Pleas Court of Cuyahoga County, to serve a sentence of one to twenty years for automobile stealing. Prior to this conviction the plaintiff had been arrested and convicted in the State of New York, having been released on parole. On April 18, 1949, he was paroled from the Ohio State Penitentiary the same to become effective when called for by the authorities of the State of New York which had issued and served upon the defendant a warrant for Nagy's arrest as a parole violator from that State. The warrant was issued under the provisions of the "Compact for Mutual Assistance" between the several states and which is defined by §108-1 GC.

The plaintiff is contending that he has served his full sentence under the laws of the State of New York and therefore cannot be a parole violator; that the facts set forth in the warrant are not true. The defendant is contending that the warrant as issued for the retaking of the plaintiff is sufficient authority for the state of New York to retake him as a parole violator. In other words, the question as to whether or not he is a parole violator is one which must be decided by the State of New York and is not subject to review in Ohio. The defendant's views seem to be well supported by §108-1 GC, which provides:

"The governor of this state is hereby authorized and directed to execute a compact on behalf of the state of Ohio with any of the United States legally joining therein in the form substantially as follows:

"A compact entered into by and among the contracting states, signatories hereto, with the consent of the Congress of the United States of America, granted by an act entitled 'An Act Granting the Consent of Congress to any two or more States to enter into Agreements or Compacts for Cooperative Effort and Mutual Assistance in the Prevention of Crime and for other purposes', passed June 6, 1934. (48 Stat. 909.)

"The contracting states solemnly agree:

\* \* \* \* \*

"3. That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. **For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state: \* \* \*.**" (Emphasis ours.)

It will be noted that the statute provides that the decision of the sending state shall be conclusive upon and not reviewable within the receiving state. This clearly deprives the courts of this state of jurisdiction to inquire into the matters set forth in the warrant. The plaintiff can only be heard on this subject in the courts of New York. This is a question of first impression in this state and plaintiff cites no authorities to support his views. The record discloses that all the requirements of §108-1 GC have been met by the state of New York, and it is therefore entitled to the custody of the plaintiff. The application will be denied.

WISEMAN, J, concurs.

## CONCURRING OPINION

By HORNBECK, J.

I concur in the judgment with my associates, but upon a somewhat different theory.

I am in agreement with the claim of the plaintiff that if the plaintiff is not on parole from New York State, then the Compact for Mutual Assistance, §108-1 GC, has no application, and if the plaintiff has served the full period of his sentence, then he is not amenable to any condition of parole.

The act assures to the officer from the sending state that no question affecting violation of the terms of the parole shall be adjudicated in any other state than the state from which the parolee has been committed. No such claim is made here, the basic contention being that the plaintiff has fully served his sentence and therefore may not be considered as "'any person on probation or parole".

But the action seeks an order of this court against the Warden of the Ohio State Penitentiary and the Sheriff of Franklin County, removing the right of custody of the plaintiff from both of them. It does not clearly appear that, under the conditions of the release by the state of Ohio to the state of New York, if satisfactory arrangement be not made for the prisoner's return to New York, the release of the plaintiff would be effective. In this situation the relief prayed cannot be granted even though we would hold that plaintiff may not be returned to New York on the warrant for his arrest.